JEFFER MANGELS BUTLER & MITCHELL LLP
ROD S. BERMAN (Bar No. 105444)
*rberman@jmbm.com*
STANLEY M. GIBSON (Bar No. 162329)
*smg@jmbm.com*
JESSICA BROMALL SPARKMAN (Bar No. 235017)
*jbromall@jmbm.com*
DANIKA DUFFY (Bar No. 334276)
*dduffy@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:   (310) 203-8080
Facsimile:   (310) 203-0567

Attorneys for PAIGE, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PAIGE, LLC, a California limited liability company,<br><br>          Plaintiff,<br><br>          v.<br><br>SAGE AND PAIGE COLLECTIVE PTY LTD, an Australian private company; and DOES 1 through 25, inclusive,<br><br>          Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**<br><br>**(2) FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(A));**<br><br>**(3) STATE TRADEMARK DILUTION AND INJURY TO REPUTATION (CALIFORNIA BUSINESS & PROFESSIONS CODE § 14330);**<br><br>**(4) FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(C));**<br><br>**(5) UNFAIR BUSINESS PRACTICES (CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200); AND**<br><br>**(6) COMMON LAW TRADEMARK INFRINGEMENT**<br><br>**DEMAND FOR TRIAL BY JURY** |

Plaintiff Paige, LLC ("Paige") avers as follows:

## THE PARTIES

1.    Paige is a California limited liability company with offices located at 10119 Jefferson Boulevard, in Culver City, California.

2.    Defendant Sage and Paige Collective Pty Ltd ("Sage and Paige") is an Australian private company with its principal place of business located at Unit 14, 40-42 O'Riordan Street, Alexandria, New South Wales.  Sage and Paige conducts business under Australian Business Number 16637196975.

3.    Paige is unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of defendants Does 1 through 25, inclusive, or any of them, and therefore sues these defendants, and each of them, by such fictitious names.  Paige will seek leave of Court, if required, to amend this Complaint when the identities of these defendants are ascertained.  Does 1-25 and Sage and Paige are referred to herein collectively as "Defendants."

4.    Paige is informed and believes and on that basis avers that each of the Defendants conspired and acted in concert with one another to commit the wrongs against Paige averred herein and, in doing so, Defendants were at all relevant times the agents, servants, employees, principals, joint venturers, alter egos, and/or partners of each other.  Paige is further informed and believes, and on that basis avers, that in doing the things averred in this Complaint, each of the Defendants was acting within the scope of authority conferred upon that Defendant by the consent, approval, and/or ratification of the other Defendants.

## JURISDICTION AND VENUE

5.    This action arises under the Federal Trademark Act (the "Lanham Act"), as amended, 15 U.S.C. §§ 1051 *et seq.*, and related California statutory and common law.  The Court has original jurisdiction over the Lanham Act claims in this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  The state law claims in this action arise from the same common nucleus of operative facts and

1  transactions, such that they form part of the same case or controversy and Paige

2  would ordinarily be expected to try them all in a single judicial proceeding.

3  Accordingly, this Court may exercise supplemental jurisdiction over the state law

4  claims pursuant to 28 U.S.C. § 1367.

5      6.     This Court has personal jurisdiction over Defendants.  Plaintiff is

6  informed, and believes, and based thereon, alleges, that the conduct giving rise to

7  this suit occurred, at least in part, in California, including the sale, offer for sale,

8  shipment, delivery, and/or advertising of products in connection with which

9  Defendants were and are using infringing trademarks in this judicial district.

10  Further, Defendants either knew or should have known that that their infringing

11  conduct would have consequences in California and, that the harm to Plaintiff

12  arising from Defendants' conduct would occur (and, in fact, did occur) in California.

13      7.     A substantial part of the events and/or omissions giving rise to the

14  claims against Defendants occurred in this judicial district, including the sale of

15  infringing items, as described below.  Therefore, venue is proper and assignment of

16  this case to the Central District of California is appropriate pursuant to 28 U.S.C. §

17  1391(b) and (c).

18                              **GENERAL ALLEGATIONS**

19      8.     Paige designs, markets, and distributes a popular line of high-end

20  apparel, footwear, and accessories.  Paige is particularly well-known in the premium

21  denim market.  Through control of the design of and materials used in its garments,

22  Paige has created products that the market trusts to be of the highest quality and

23  standards and has created well known and famous trademarks and designs

24  associated with its apparel line.

25      9.     Paige owns the federally and internationally registered trademark

26  PAIGE® for, among other things, denim and other apparel, shoes, socks,

27  accessories, and handbags, as well as retail store services featuring the foregoing

28  (collectively, the "PAIGE® Mark").

10.    The PAIGE® Mark is the subject of a number of U.S. and international trademark registrations, including the following:

(a)    Australian Trade Mark No. 1018471, filed September 1, 2004.

(b)    Australian Trade Mark No. 1168574, filed March 28, 2007.

(c)    U.S. Registration No. 3308211, filed July 8, 2004.

(d)    U.S. Registration No. 4046193, filed July 8, 2004.

(e)    U.S. Registration No. 3331033, filed May 16, 2005.

(f)    U.S. Registration No. 3566793, filed February 20, 2008.

(g)    U.S. Registration No. 4128766, filed August 23, 2011.

(h)    U.S. Registration No. 4237703, filed April 19, 2012.

(i)    U.S. Registration No. 4898947, filed April 24, 2012.

(j)    U.S. Registration No. 5682917, filed January 21, 2016.

(k)    U.S. Registration No. 5523189, filed November 20, 2017.

(l)    U.S. Registration No. 5798838, filed November 15, 2018.

(m)    U.S. Registration No. 6053489, filed December 5, 2019.

11.    Paige sells over one hundred million dollars of Paige-branded goods annually, and, since its inception in 2004, more than two billion dollars' worth of Paige-branded goods have been sold at retail.  Paige also actively promotes its goods and the PAIGE® Mark, spending more than $10 million annually, and over $100 million since the brand's 2004 launch, to advertise and promote the Paige brand and the PAIGE® Mark.

12.    Paige's merchandise is sold not just in the U.S., but also throughout the world to a following of loyal consumers.  These consumers include both celebrities and prominent fashion influencers, who are often featured wearing Paige jeans in widely-circulated popular fashion magazines.  Paige merchandise can be found in approximately 1000 high-end retailers, including Nordstrom, Saks, Bloomingdale's, Neiman Marcus, and Anthropologie.  In Australia, Paige's fashionwear is sold

Jeffer Mangels
Butler & Mitchell LLP
JMBM

across a range of major retailers, including David Jones, General Pants Co. and The Iconic.

13.     The PAIGE® mark is a strong mark and it is inherently distinctive. Even if it were not inherently distinctive (and it is), through its use and promotion, it has acquired distinctiveness. The PAIGE® mark is uniquely and exclusively associated with Plaintiff.

14.     Defendants are an Australian online women's fashion boutique that markets and sells to customers in Australia, New Zealand and the United States through their website currently operated at the domain name www.sageandpaige.com (the "Website").

15.     On June 17, 2020, Defendants' filed applications to register the following trade marks in Australia:

| Application No. | Mark | Classes |
|---|---|---|
| 2094275 | Sage + Paige | 14, 18, 25, 35 |
| 2094276 | Sage + Paige | 14, 18, 25, 35 |

(individually, the "Circle Logo" and the "S+P Logo," respectively, and collectively, the "Sage and Paige Logo Marks").

16.     On or about May 1, 2022, Defendant Sage and Paige filed U.S. Trademark App. Ser. No. 97390573 for the S+P Logo based on actual use in commerce in connection with, among other things, jewelry, handbags, and apparel for women. The application included a declaration that the mark is currently in use

1  in commerce in connection with each of the goods listed in the application.

2  Accordingly, Paige is informed, and believes, and, based thereon, alleges that

3  Defendants are using the Sage and Paige Logo Marks, as well as the word marks

4  SAGE AND PAIGE and/or SAGE + PAIGE (collectively, the "Infringing Marks")

5  in commerce in the United States, including in this judicial district, on the Website

6  and various social media platforms, and in connection with, among other things,

7  women's apparel, handbags, jewelry, and online retail store services featuring at

8  least the foregoing.

9      17.    Paige has spent significant resources over nearly two decades

10  developing the reputation and goodwill accumulated in the name "Paige" and the

11  PAIGE® Mark.  Defendants are now utilizing the Infringing Marks in connection

12  with retail store services, including online retail store services, and to sell

13  accessories and apparel, including denim jeans.  The Infringing Marks are

14  confusingly similar to the PAIGE® Mark, and leave the incorrect impression Paige

15  has consented to or endorsed a collaboration between it and Defendants, which is

16  not the case.  The use of the Infringing Marks is likely to cause confusion, mistake,

17  and deception.  The association of the name "Paige" with the operation of a retail

18  website offering for sale products identical to those sold by Paige poses an

19  immediate and serious threat to the goodwill built up in the PAIGE® Mark.

20  Accordingly, Paige opposed the Australia applications to register Sage and Paige

21  Logo Marks, which opposition proceedings were commenced on January 11, 2021

22  (the "Oppositions").

23      18.    In addition to filing the Oppositions, Paige issued its first cease and

24  desist letter to Defendants on January 13, 2021 (attached hereto as **Exhibit A**).  By

25  its January 13, 2021, correspondence, Paige informed Defendants that its use of the

26  Infringing Marks constituted infringement of the PAIGE® marks, misleading or

27  deceptive conduct, and false or misleading representation.  Defendants failed to

28  respond to the January 13, 2021 correspondence.

Jeffer Mangels
Butler & Mitchell LLP

JMBM

19.     In the course of the Oppositions, Paige became aware that Defendants were using the Infringing Marks in the United States and New Zealand as well as in Australia.  Paige therefore wrote to Defendants again on March 7, 2022 (attached hereto as **Exhibit B**).  By its March 7, 2022, correspondence, Paige proposed changing "Sage + Paige" to "Sage + Page."  Defendants refused.

20.     On April 14, 2022, Paige issued its second cease and desist letter to Defendants (attached hereto as **Exhibit C**), demanding Defendants immediately cease and desist their infringing activities.  Defendants failed to do so, and are still carrying on the infringing activities.

21.     In disregard of Paige's exclusive rights in its PAIGE® Mark, Defendants are unlawfully exploiting Paige's efforts by marketing, advertising, selling or otherwise distributing confusingly similar products using an infringing variation of the PAIGE® Mark.

22.     Paige is informed and believes and on that basis avers that Defendants, by such conduct, are willfully, wantonly, and intentionally infringing Paige's rights with the intent to profit therefrom.

23.     Defendants' use of the Infringing Marks is likely to cause confusion, mistake, and deception.  The association of Paige with the products offered by Defendants poses an immediate and serious threat to the goodwill built up in the PAIGE® Mark.

24.     Paige has been damaged, and will continued to be damaged, by Defendants' conduct alleged herein. Among other things, corrective advertising to address damage and confusion resulting from Defendants' conduct is likely to exceed $50,000.

///

///

///

///

# FIRST CAUSE OF ACTION

## [Federal Trademark Infringement, 15 U.S.C. § 1114]

### (Against All Defendants)

25.    Paige reavers and incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

26.    Defendants, through the acts and omissions described herein, have used and continue to use, in commerce, counterfeits, reproductions, or colorable imitations of the federally registered PAIGE® Mark in connection with the sale, offering for sale, distribution, and advertising of goods and/or services.

27.    Paige has not authorized, licensed, or given permission to Defendants, or any of them, to reproduce, counterfeit, imitate, or use the PAIGE® Mark in any manner whatsoever including, without limitation, as a component of the Sage and Paige Logo Marks or in the manner described hereinabove.

28.    Defendants' above-described conduct and use of the Infringing Marks is likely to cause confusion, including reverse confusion, initial interest confusion, and post-sale confusion, or to cause mistake, or to deceive as to source, origin, affiliation, approval, sponsorship, and/or association with Paige.

29.    Defendants' actions constitute trademark infringement pursuant to 15 U.S.C. § 1114.  Defendants have committed the acts averred above with full knowledge of and in disregard of Paige's rights in and to the PAIGE® Mark. Defendants' actions were willful and for the calculated purpose of misleading and deceiving the public in order to trade on and profit from Paige's goodwill.

30.    Paige lacks an adequate remedy at law.  Unless an injunction is issued enjoining any continuing or future infringing conduct by Defendants, such use is likely to continue to cause confusion, mistake, or to deceive as to source, origin, affiliation, approval, or sponsorship, thereby irreparably damaging Paige.

31.    As a direct and proximate result of Defendants' infringing conduct, Paige has been damaged and will continue to be damaged.  Pursuant to 15 U.S.C. §

16(a), Paige is entitled to an order enjoining Defendants from further infringing on the PAIGE® Mark.

32.    Pursuant to 15 U.S.C. § 1117(a), Paige is entitled to an order requiring Defendants to account to Paige for any and all profits derived by Defendants from their infringing conduct, and to an order awarding all damages sustained by Paige by reason of Defendants' infringing conduct.

33.    Pursuant to 15 U.S.C. §§ 1117(b) and (c), in addition to compensatory damages, Paige is entitled to recover treble damages and statutory damages.

34.    Paige is informed and believes, and on that basis avers, that Defendants' conduct averred herein was intentional and in conscious disregard of Paige's rights.  Pursuant to 15 U.S.C. § 1117(a), Paige is entitled to an award of treble damages and/or enhanced profits against Defendants.

35.    Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to, and hereby seeks, an order for the destruction of all materials, including, without limitation, all labels and containers bearing the Infringing Mark or any other marks confusingly similar to the PAIGE® Mark.

36.    Defendants' acts make this an exceptional case under 15 U.S.C. §1117(a), and Paige is entitled to an award of attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### [False Designation of Origin – 15 U.S.C. § 1125(a)]

### (Against All Defendants)

37.    Paige reavers and incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

38.    Defendants, through the acts and omissions described above, have used in commerce words, terms, names, symbols, false designations or origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, in connection with the sale, offering for sale, distribution, and advertising of goods.

39.     Defendants' acts described herein are likely to cause confusion, including reverse confusion, or to cause mistake or to deceive consumers as to the affiliation, connection, or association of Defendants with Paige, and/or as to the origin, sponsorship, or approval of Defendants' goods or services, in violation of 15 U.S.C. § 1125(a).

40.     Defendants are not authorized, licensed, or otherwise given permission to reproduce, counterfeit, imitate, or use the PAIGE® Mark in any capacity.

41.     Defendants' actions are willful, malicious, fraudulent, deliberate, and intended to confuse the public.

42.     As a direct and proximate result of Defendants' creation of a false impression of association between Paige and Defendants, and Defendants' use of a false designation of origin and false or misleading representation of fact in connection with Defendants' products, Paige has been damaged and will continue to be damaged.  Paige lacks an adequate remedy at law and, pursuant to 15 U.S.C. § 1116(a), Paige is entitled to an order enjoining Defendants from further infringing on the PAIGE® Mark.

43.     Pursuant to 15 U.S.C. § 1117(a), Paige is entitled to an order requiring Defendants to account to Paige for any and all profits derived by Defendants from its actions, and to an order awarding all damages sustained by Paige and caused by Defendants' conduct.

44.     Paige is informed and believes and on that basis avers that Defendants' conduct averred herein was intentional and in conscious disregard of Paige's rights. Pursuant to 15 U.S.C. § 1117(a), Paige is entitled to an award of treble damages and/or enhanced profits against Defendants.

45.     Pursuant to 15 U.S.C. § 1118, Paige is further entitled to, and hereby seeks, an order for the destruction of all materials, including, without limitation, all labels, signs, prints, packages, and advertisements bearing the Infringing Marks or any other marks confusingly similar to the PAIGE® Mark.

46.     Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a), and Paige is entitled to an award of attorneys' fees and costs.

### THIRD CAUSE OF ACTION

### [Federal Trademark Dilution – 15 U.S.C. § 1125(c)]

### (Against All Defendants)

47.     Paige reavers and incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

48.     The PAIGE® Mark is famous, and became famous long before the commencement of Defendants' conduct described herein.

49.     Defendants' use of the Infringing Marks has caused and will continue to cause dilution by blurring or by tarnishment of the distinctive quality of the PAIGE® Mark in violation of 15 U.S.C. § 1125(c).

50.     As a direct and proximate result of Defendants' conduct described herein, Paige has been damaged and will continue to be damaged by Defendants' dilution of the PAIGE® Mark.  Pursuant to 15 U.S.C. §§ 1116(a) and 1125(c), Paige is entitled to an order enjoining Defendants from using the Infringing Marks, and any other mark dilutive of the PAIGE® Mark, in connection with the manufacture, distribution, marketing, advertising and sale of any products or services.

51.     Pursuant to 15 U.S.C. § 1117(a), because Defendants' conduct is willful, Plaintiff is entitled to, and hereby seeks, an order awarding it all of its damages caused by Defendants' conduct, as well as an order awarding it all of Defendants' profits traceable to Defendants' conduct.

52.     Defendants' conduct described herein was intentional and in conscious disregard of Paige's rights.  Pursuant to 15 U.S.C. § 1117(a), Paige is entitled to an award of treble damages against Defendants.

53.     Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a), and Paige is entitled to an award of attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

### [State Trademark Dilution And Injury to Reputation –

### California Bus. & Prof. Code § 14247]

### (Against All Defendants)

54.     Paige reavers and incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

55.     The PAIGE® Mark encompasses multiple valid trademarks under state law, is distinctive, and has acquired secondary meaning.  The PAIGE® Mark is famous, and became famous long before the commencement of Defendants' conduct described herein.

56.     Defendants' use of the Infringing Marks is causing a likelihood of dilution of the PAIGE® Mark because the PAIGE® Mark are deprived of their exclusive capacity to identify and distinguish Paige.

57.     Defendants' acts described herein constitute injury to business reputation and/or dilution within the meaning of California Business and Professions Code § 14247.

58.     Pursuant to California Business and Professions Code § 14247, Paige is entitled to an injunction prohibiting Defendants, and each of them, from continuing their use of Sage and Paige Logo Marks.

## FIFTH CAUSE OF ACTION

### [Unfair Business Practices – Cal. Bus. & Prof. Code § 17200 et seq.]

### (Against All Defendants)

59.     Paige reavers and incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

60.     Defendants' acts described herein constitute unlawful, unfair and/or fraudulent business practices and misleading advertising pursuant to California Business and Professions Code § 17200.

61.    Paige has been damaged and will continue to be damaged by Defendants' unlawful, unfair and/or fraudulent business practices and misleading advertising as averred herein.

62.    Paige is entitled to an injunction prohibiting Defendants, and each of them, from continuing the practices averred herein, and Paige is entitled to restitution of all amounts acquired by Defendants by means of such wrongful acts.

## SIXTH CAUSE OF ACTION

### [Common Law Trademark Infringement]

### (Against All Defendants)

63.    Paige reavers and incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

64.    Defendants' acts described herein constitute common law trademark infringement under state law.

65.    Defendants, through the acts and omissions described above, have used and continue to use, in commerce words, terms, names, symbols, and devices, including the Infringing Marks, which are confusingly similar to those of Paige and the PAIGE® Mark, in a manner that is likely to cause confusion, including reverse confusion, or mistake or to deceive as to the affiliation, connection, or association of Defendants with Paige, or as to the origin of Defendants' goods, or as to the sponsorship or approval of Defendants' goods by Paige, which is not the case.

66.    Paige has been damaged and will continue to be damaged by Defendants' infringing activities.

67.    Paige is entitled to an injunction prohibiting Defendants from continuing the infringing practices described herein.

68.    Paige is also entitled to profits and damages arising from Defendants' wrongful use of the Sage and Paige Logo Marks.

69.    Paige is informed and believes and on that basis avers that Defendants conduct was willful, wanton, malicious and in conscious disregard of Paige's rights,

1  thereby justifying an award of punitive and/or exemplary damages in an amount

2  according to proof at trial.

### **PRAYER FOR RELIEF**

4  WHEREFORE, Paige prays:

5      A.      For a preliminary and permanent injunction enjoining and restraining

6  Defendants, and all their officers, directors, stockholders, owners, agents,

7  representatives, servants and employees, and all those acting in concert or privity

8  therewith, from directly or indirectly:

9          1.      infringing Paige's trademark rights in any way including,

10  without limitation, Paige's rights, common law or otherwise, in the PAIGE® Mark,

11  and including but not limited to by use of the Infringing Marks;

12          2.      diluting Paige's trademark rights in any way including, without

13  limitation, Paige's rights, common law or otherwise, in the PAIGE® Mark, and

14  including but not limited to by use of the Infringing Marks;

15          3.      using any words, terms, names, symbols, false or misleading

16  designations of origin, or false or misleading descriptions or statements that can, or

17  is likely to, lead the consuming public or individual members thereof, to believe that

18  any product provided by Defendants is in any manner associated or connected with

19  Paige, or is sponsored, approved or authorized by Paige; and/or

20          4.      engaging in any unfair business practices or any acts of unfair

21  competition in any manner with respect to Paige's clothing or apparel;

22      B.      Pursuant to 15 U.S.C. § 1118, ordering Defendants to either (a) submit

23  a reasonable plan acceptable to this Court for the sequestration and safe storage of

24  all products and merchandise exhibiting any of the Infringing Marks in Defendants'

25  possession, custody, or control, including but not limited to products and

26  merchandise for which it possesses a right of return from third parties such as

27  independent sales agents and wholesale and retail buyers, until final judgment in this

28  action, or (b) in the absence of such a plan acceptable to this Court, deliver all such

1  products and merchandise to this Court during the pendency of this action for

2  impoundment, and potentially eventual destruction;

3       C.     For an Order that Defendants are to file with the Court and to serve on

4  counsel for Paige, within thirty (30) days from entry of an injunction, a report

5  setting forth the manner and form in which Defendants have complied with the

6  injunction;

7       D.     For an Order that, by the acts complained of herein, Defendants have

8  infringed Paige's trademark rights, in violation of 15 U.S.C. § 1114;

9       E.     For an Order that, by the acts complained of herein, Defendants have

10  engaged in unfair competition against Paige, in violation of 15 U.S.C. § 1125(a);

11       F.     For an Order that, by the acts complained of herein, Defendants have

12  diluted Paige's trademark rights and/or injured Paige's business reputation, in

13  violation of 15 U.S.C. § 1125(c);

14       G.     For an Order that, by the acts complained of herein, Defendants have

15  diluted Paige's trademark rights, in violation of Cal. Bus. and Prof. Code § 14247;

16       H.     For an Order that, by the acts complained of herein, Defendants have

17  engaged in unfair competition against Paige, in violation of Cal. Bus. and Prof.

18  Code § 17200;

19       I.     For an Order that, by the acts complained of herein, Defendants have

20  infringed Paige's common law trademark rights;

21       J.     For an Order awarding Paige general and/or specific damages, in an

22  amount to be fixed by the Court in accordance with proof, including enhanced

23  and/or exemplary damages, as appropriate, as well as all of Defendants' profits or

24  gains of any kind from its acts of trademark infringement, trademark counterfeiting,

25  false designation of origin, unfair competition; and further for an award that such

26  acts were willful and wanton, thereby justifying an award, where appropriate, of

27  treble or enhanced damages;

28

JMBM | Jeffer Mangels Butler & Mitchell LLP

1  K.  For an Order awarding Paige treble Defendants' profits, or treble
2  Paige's damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b), for
3  Defendants' knowing, intentional use of counterfeit marks;

4  L.  For an Order awarding statutory damages for each willful use by
5  Defendants of a counterfeit mark, or such other amount as the Court deems just,
6  pursuant to 15 U.S.C. § 1117(c);

7  M.  For an Order awarding Paige restitution of all amounts obtained by
8  Defendants by means of their wrongful acts described herein;

9  N.  For an Order awarding Paige its costs and attorneys' fees incurred in
10 prosecuting this action;

11 O.  For an Order awarding Paige pre-judgment interest;

12 P.  For an Order awarding such other relief as the Court deems just and
13 proper.

14

15 DATED:  May 23, 2022  JEFFER MANGELS BUTLER &
16                       MITCHELL LLP
                         ROD S. BERMAN
17                       STANLEY M. GIBSON
                         JESSICA BROMALL SPARKMAN
18                       DANIKA DUFFY

19

20

21          By: ___*/s/ Rod S. Berman*___
22                  ROD S. BERMAN
            Attorneys for PAIGE, LLC
23

24

25

26

27

28

*Jeffer Mangels Butler & Mitchell LLP*

JMBM

1

## **DEMAND FOR JURY TRIAL**

2

Paige hereby demands a trial by jury on all claims and issues triable to a jury.

3

4  DATED:  May 23, 2022             JEFFER MANGELS BUTLER &

5                                      MITCHELL LLP

6                                      ROD S. BERMAN
STANLEY M. GIBSON

7                                      JESSICA BROMALL SPARKMAN
DANIKA DUFFY

8

9

10                              By:      **/s/ Rod S. Berman**

11                                         ROD S. BERMAN
Attorneys for PAIGE, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28